## ROBERT P. RUSSELL *v.* ELISHA RUCKMAN.

Where the sheriff levies, under a warrant of attachment, upon the property of the plaintiff, including a promissory note in the course of prosecution; the levy cannot be set up by the defendant in a supplemental answer, as a defence in bar of the plaintiff's recovery upon the note.

The sheriff may continue the action in the name of the plaintiff, or may be substituted for him at his election.

*It seems,* that payment to the sheriff, after the attachment is levied, may be a good defence.

The execution of an attachment upon a promissory note may be made, by leaving with the holder a certified copy of the warrant, "with a notice showing the property levied on," pursuant to § 235 of the Code.

Whether a supplemental answer can be filed in the Marine and District or Justices' Courts? *Quere.*

THIS case came up from the Marine Court, upon the plaintiff's appeal from a judgment dismissing his complaint. The facts are detailed at length in the opinion delivered by this court.

*Clark B. Wheeler* and *H. H. Wheeler,* for the plaintiff, made the following with other points :

I. The attachment was never levied upon the note. To constitute a levy, there must be a seizure by the sheriff. The mere volition of the sheriff cannot be the execution of the attachment. And to render the seizure effectual, it must be accompanied by possession. The sheriff must actually take the property into his custody. (*Leonard* v. *Vanderburgh,* 8 How. P. R. 77 (Parker, justice) ; ib. 7 How. P. R. 379 (Harris, justice.) Nothing of the kind can be pretended here. (*Price* v. *Shipps,* 16 Barb. 588 ; *Green* v. *Burke,* 23 Wend. 490, and cases there cited ; *Camp* v. *Chamberlain,* 5 Denio, 198 ; *Dresser* v. *Ainsworth,* 9 Barb. 619, and cases there cited ; *Ransom, etc.* v. *Halcott,* 9 How. 119–29 ; *Ray* v. *Harcourt,* 19 Wend. 495, 497 ; *Van Wyck* v. *Pine,* 2 Hill, 666.) The provisions of the Revised Statutes harmonize with the Code as to levies made by

the sheriff. (*Burkhardt* v. *Sandford, etc.*, 7 How. P. R. 336; Voorhies' Code, 3d ed. p. 244.)

II. The sheriff, under the circumstances, could not rightfully seize the note. It was, in contemplation of law, in legal custody. It was in possession of an officer of the court, an attorney then actually proceeding with a suit upon it. The sheriff can not thus arrest the proceedings of a court. (*Mallory* v. *Benjamin*, 9 How. 423, and cases there cited; *Coventry* v. *Tatnall*, 1 Hill, 33; *Kellogg* v. *Kellogg*, 6 Barb. 116; 2 Cowen's Treatise, 3d ed. 440, 441.)

III. But there was no levy, and therefore the sheriff took nothing by his writ. The sheriff's duty in levying an attachment is the same as that upon an execution against personal property. (*Ransom* v. *Halcott*, 9 How. P. R. 119 (Parker, justice); *People* v. *Schuyler*, 5 Barb. 166; *Curtis* v. *Paterson*, 8 Cow. R. 67; *Sears et al.* v. *Geam and Houghton*, 7 How. 383; *Stontenbergh* v. *Vanderburgh, etc.*, 7 How. 229; 16 Johns. R. 102.) Had the sheriff, in the case before us, any such possession or title to the note as would enable him to maintain an action against a stranger for taking and carrying it away? Clearly not. And is not this a fair way to test the validity of the levy? And it was incumbent on the defendant to show that the note had been properly levied upon; but it was not done.

IV. But the attachment is not a sequestration of the property, even if regularly levied. "The object of the attachment under the Code, is to obtain security for the satisfaction of such judgment as the plaintiff may recover, and not like the proceedings under the Revised Statutes to wind up the affairs of the person proceeded against, and have his property distributed by trustees among all his creditors." (*Learned* v. *Vanderburgh*, 8 How. P. R. 77.)

V. The attachment was not of itself, without a levy, a sequestration of the note. It was argued, and seems to have been held in the court below, that the issuing of the attachment operated like the appointment of a receiver in chancery, *i. e.*, to divest the defendant of all his interest in his personal pro-

perty, and transfer it to the sheriff or receiver. But we suppose that the attachment under the Revised Statutes or the Code, never had any such effect. And the Supreme Court seems to have decided the precise point in the case last cited (8 How. 77), where Judge Parker, speaking of the attachment, says, "It is not of itself a lien on the property, but only on such as is levied on under it."

VI. The attachment proceedings were not commenced until after issue joined in this action, and, therefore, where that fact appears, as it clearly did on the trial, the court should have overruled the supplemental answer, and rendered judgment for the plaintiff. The Revised Statutes (2 R. S. 4th ed. 192, §§ 34, 35, 36, 37, 38, etc.) only authorize such a plea in cases where the attachment proceedings have been instituted before suit brought; and the Code does not authorize such a plea at all. The attachment is purely a statutory remedy, and the provisions of the statute cannot be enlarged. (*Drought* v. *Curtiss, etc.,* 8 How. 56, and cases there cited; Graham's Practice, 256, 298, 299; *Everton* v. *Thomas,* 5 How. 45, and cases cited.) The cases relied on by the defendant and by the court below (12 Wend. 470; 15 Wend. 372; 17 Mass. R., etc.), do not touch the point at all. They were all cases where the attachment proceedings had been consummated before suit brought.

VII. The first answer being abandoned, and the supplemental answer untenable, the plaintiff should have had judgment in his favor in the court below for the amount of the note, $345 20, and costs, and this court, correcting the errors of the court below, and reversing its judgment, should render judgment for that sum in favor of the plaintiff, together with interest and costs. (*Seneca Co. Bank* v. *Garlinghouse,* 4 How. 174; 3 Voorhies' Code, p. 199, "anonymous." (Edmonds, justice.)

*Theodore Romeyn,* for the defendant, made the following with other points:

I. As against the defendant in the attachment suit, the plaintiff in this action, the attachment was in law levied upon

the note. The question does not arise as if there were another attaching creditor, or a *bonâ fide* purchaser of the note. Neither did the attorney who held the note claim any lien upon it. It is admitted that the note was the property of Russell; that it was in the possession of Wheeler, as his attorney. The sheriff went to Wheeler, he then having the note. The sheriff served a copy of the attachment on him, with a notice describing the note, and demanded the note of him. He also served a copy of the attachment and notice on this defendant, Ruckman, forbidding him to pay the note to any person other than the sheriff. The service was made in the manner required by the Code, §§ 232, 235, 236. It was the duty of Wheeler to surrender the note or give the certificate. The only defect in the service of the attachment, which the plaintiff relies on, is, that his own attorney was so unmindful of his legal duty and obligation as to refuse to surrender the note and obey the mandate of the law. The levy was, at all events, good as against such defendant, and subjected the note in his hands, or in those of his attorney, to the lien of the attachment. Again: this was an attachment of a chose in action, not of a tangible, visible chattel. In the cases cited by the plaintiff, the question as to the sufficiency of the levy arose between different attaching, or execution creditors, or *bonâ fide* purchasers. The cases recognize a distinction between such claimants and the party himself. (19 Wend. 495; 2 Hill, 666; 5 Denio, 198.) So the Code distinguished between the different kinds of property, and the mode of levying the attachment. (§§ 232, 235, 236.) In *Learned* v. *Vanderburgh*, 8 Howard, 78, the court says: "The mere volition of the sheriff cannot be a levy. There must be a seizure, or exercise of control, or, at least, if the property be real estate, a claim must be made to hold it under the attachment." In this case, there was no assertion or exercise of such claim.

II. No objection was raised in the court below to the regularity of the service of the attachment, or to the sufficiency or regularity of the return of the sheriff. The only ground on which the plaintiff rested his case as to the attachment was,

that it had issued after this suit was commenced, and he relied on the application to this case of the rule in 2 R. S. p. 8, § 38, that the plaintiff had a right to proceed to judgment. He cannot now take a position for a reversal in this court, not taken and relied upon in the court below. (*Willard* v. *Bridge,* 4 Barb. 361.)

III. The sheriff had a right to attach the note. The proposition that a party's credits are to be protected from attachment, because he has put them into the hands of an attorney at law, needs no serious answer.

IV. After the service of the attachment, the plaintiff had no longer a right to prosecute the action on the note, in his own behalf and under his own control, and to recover a judgment upon it for his own benefit. The right to collect the note and the power of control over the action rested in the sheriff. The service of the attachment with the notice to this defendant, constituted a good defence to this action. Such defence is admissible, although the attachment was not served until after the commencement of this action. These various particulars make one proposition, the soundness of which will be apparent from a consideration of the nature of the attachment, under the Code, and of the particulars in which it differs from the attachment under the Revised Statutes, together with the consideration of the effect of the versions of the Code upon parties and pleadings. The point of the defence is this : that the property when attached becomes in the custody of the sheriff, and that the creditor acquires a lien upon it by the service of the attachment, after which it is unlawful to make payment to the defendant in the attachment. Under the Revised Statutes, the attachment operated upon all the property of the debtor, and was for the benefit of all his creditors. It was served in a two-fold way, by manual service and by publication. (2 R. S. 4 and 7.) After publication, all property and credits of the defendant were considered attached, whether the sheriff had seized them or not. (8 How. 77.) Under the Code, the attachment is not general. It is special for the benefit of the particular creditor who has commenced his action, and is but an

incident to such action. (7 How. 379; 8 ib. 77.) Under the Revised Statutes, the debtor might, if sued by the defendant in the attachment after publication, give the attachment in evidence under the general issue. (2 R. S. p. 8, § 38.) If the suit had been commenced before publication, he could not plead the attachment in bar. The suit went on, and if decided against the debtor, he then made payment to the trustees. In other words, the suit went on for the benefit of the trustees, in the name of the original debtor. The note or credit was attached, but the suit pending on it was not disturbed. (2 R. S. p. 8, § 38.) In this case, we claim the suit was properly arrested for the following reasons: 1. Under the old system, before the Code, in cases of assigned credits, the action was in the name of the original creditor, except in cases of negotiable paper. This would have been the rule, even in cases of trustees, but for the positive provisions of the statute. By these the trustees were allowed to commence suit in their own names. (2 R. S. p. 4, § 8.) But there was no authority for them to take charge of the already commenced suit, which was left to be prosecuted as commenced. This was all a matter of statutory arrangement. (2 R. S. p. 8.) But, under the Code, the action is to be prosecuted in the name of the real party in interest. (§ 111.) The Code is explicit, not only in the general section, 111, but also in the chapter on attachments, in declaring that the action shall be under the control of the sheriff. The money is to be collected by him, or by the plaintiff in the attachment, on giving the bond required. (Code, §§ 232, 238.) The reasons for this distinction are plain. Under the Revised Statutes, the debtor in the original suit had notice of the attachment, and was commanded to make payment to the trustees only. Payment to the debtor was void. (2 R. S. p. 8, § 37.) But there is no such provision in the Code. Here, the sheriff is ordered to take the note or other property attached. (Code, § 232.) If the plaintiff in the court below had been allowed to take judgment, it would have merged the note. Then the original defendant could have paid the judgment to the plaintiff in the action against him, the

defendant in the attachment, and defraud the attaching creditor. Suppose Russell was allowed to recover on the attached note, and Ruckman should pay the judgment to him, the attachment does not operate on the money, and thus it would be evaded. Or, suppose that execution should be levied, the attachment would not stay execution. Ruckman would have to pay it, and would be involved in the difficulty of paying after notice. The only safe and consistent course is to allow such a defence. The sheriff can be notified. He then comes in, and he may, if he choose, be substituted under § 121; or, he may continue the action in the name of the original plaintiff, or he may commence a new action; § 232 gives him full power. The note and the money that may be recovered on it are then in the custody of the law.

V. The attachment proceedings occurred after the suit was commenced. They were properly set up by supplemental answer. Such answer is not an amendment of the former answer. Nor is it like the former plea of *puis darrein continuance*, a waiver of an earlier plea. The former answer remained in full force and effect. (Code, § 177.)

By THE COURT. INGRAHAM, FIRST J.—This appeal is from a judgment recovered in the Marine Court upon a promissory note drawn by the defendant and another person, in favor of the plaintiff, for three hundred dollars.

After issue was joined, the defendant assigned a claim he had against the plaintiff to one Drury, who thereupon commenced proceedings against the plaintiff in the Supreme Court, and issued an attachment against the property of the plaintiff as a non-resident debtor.

Under that attachment the sheriff demanded of the plaintiff's attorney the note in controversy, which he refused to deliver, and the sheriff served upon him a written notice of the attachment and demand.

Afterwards, and before proceeding to trial, the defendant filed a supplemental answer, setting up this attachment and levy as a defence, and upon the trial the justice decided that

the action could not be further maintained by the plaintiff, and that the sheriff should be made a party, the title to the property having passed to him under the attachment. He rendered judgment, dismissing the complaint of the plaintiff.

The 227th section of the Code provides for the issuing of the attachment at the time of issuing the summons, or at any time afterwards. By the 232d section, the sheriff is directed to proceed in the same manner as theretofore was required in attachments against absent debtors, and by the 235th section he is authorized to execute the attachment upon any debts or other property incapable of manual delivery by leaving with the individual holding such property a copy of the warrant and notice showing the property levied upon. Such copy and notice were served on the plaintiff's attorney on his refusal to deliver up the note when demanded by him.

The principal question in the case is what effect the attachment and levy had upon the note in the plaintiff's possession, and upon the further continuance of the action.

Whether a justice's court may or may not allow a supplemental answer is not clear. No such authority is given in that part of the Code which relates to these courts; and the 177th section, which requires or allows supplemental pleadings, is not made applicable to those courts. But as the parties have tried the case upon its merits without placing it upon this question, it is not necessary to express any opinion upon it now.

The proceedings on the part of the sheriff must, I think, be conceded to be sufficient to constitute a valid levy. The note was the mere representation of a debt due from Russell to Ruckman, and when the sheriff proceeded to serve the attachment, and the attorney having it in his possession refused to place it in the custody of the sheriff, he did what the law points out as necessary to make a sufficient levy, viz. he served a copy of the warrant and notice, showing the property levied upon. It is not necessary in regard to notes or other evidences of debt, that there should be an actual possession by the sheriff of the note as in the case of personal property.

The case in 7 How. P. R. 379, and 8 How. P. R. 77, do

Russell *v*. Ruckman.

not apply to cases where the levy is made upon evidences of debt, or choses in action. In regard to them the same language may be used as is used by Judge Parker relating to real estate. " A claim to hold it under the attachment is sufficient to constitute a levy," when accompanied by the service of the notice of the property levied on, and copy of the warrant as was the case here.

I am clearly of the opinion, however, that such proceedings could not be pleaded as an answer to this action.

The defendant might have gone to the sheriff and paid to him the amount of the note, and then, by pleading such proceedings and payment, have been entitled to the benefit of the defence. The action was not defeated by the levy nor was the substitution of the sheriff as a party necessary to a proper continuance of it. That the plaintiff was not the legal holder of the note at the commencement of the action, constituted a good defence, and the proceedings on this attachment might have furnished the necessary evidence therefor (Code, § 11); but after action brought, no such defence can be set up. The 121st section is express in saying that the action shall be continued in the name of the original party, but the court may substitute the party to whom the claim has been transferred after the action has been commenced. The sheriff might have applied to the court to be substituted as plaintiff, or he might have claimed to continue that action in the name of Russell ; or perhaps the defendant, if desirous of paying the debt, might have applied to the court to stay the proceedings until the sheriff was substituted or gave notice of his intention to proceed with the action.

It is said that if Russell had recovered a judgment, the defendant could not pay it to him with safety, because the claim had been attached by the sheriff. Admit this to be correct, there was no difficulty in protecting himself at any time by payment to the sheriff. He was entitled under the attachment to collect the amount of the note. The proceeding to judgment in the action did not discharge the levy under the attachment, but the sheriff's claim remained as effectual over the judg-

ment as over the note, and whenever the defendant wished to pay the debt he had a right to do so, and if after payment to the sheriff, the plaintiff had attempted to enforce the judgment, the court had ample power to give relief upon motion. The 232d section of the Code provides for the sheriff's taking proceedings in the name of the debtor, and discontinuing the same at his pleasure.

As I am of the opinion that the judgment was erroneously rendered in favor of the defendant on this answer, it is not necessary to examine the other questions presented by the points of the counsel.

Judgment reversed.